IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-827-GPG

BYRON R. BRONSTEIN, Plaintiff

v.

SOCIAL SECURITY ADMINISTRATION, Defendant

---

ORDER

---

On May 22, 2015, Plaintiff Byron R. Bronstein filed a "Motion to Void the Time Limit Ordered by Magistrate Judge Gordon P. Gallagher to 'Cure' an Alleged Deficiency in My Complaint." (ECF No. 6).  In the document, Plaintiff first requests additional time to cure the deficiencies in his Complaint, as ordered by the Court on April 23, 2015. The Court's April 23, 2015 Order to Cure Deficiency informed Plaintiff that he needed to submit his complaint on the court-approved form. (ECF No. 5).  After requesting additional time to comply with the April 23, 2015 Order, Plaintiff next asserts that he did use the proper legal format as provided in the United States District Court's filing packet. (ECF No. 6 at 2). He requests that the court provide him "with a valid statute that requires litigants to file Complaints on the very same forms provided by the Court, and a statute that declares it illegal for litigants to copy the formss (sic) and format . . . on to the litigants (sic) own paper . . . ." (ECF No. 6 at 2).   Plaintiff then alleges that the court is singling him out and "uksing (sic) the flimsiest excuses to deny [him his] right to justice." (ECF No. 6 at 3).  He recommends "that Magistrate Gallagher recuse himself

from handling this case, and any and all other cases that I chooose (sic) to file in the Untied States District Court." (ECF No. 6 at 3).

The Court must construe the document liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the document will be liberally construed as a Motion for Extension of Time and a Motion for Recusal.

## I. Motion for Extension of Time

Plaintiff alleges that he is "disabled, debilitated, and severely handicapped," and, therefore, "no judicial statute and/or judicial time restraint, or limitation set on my period of response is legal . . . ." (ECF No. 6 at 1). The Court disagrees and finds otherwise.

A claim of disability, by itself, does not excuse a plaintiff from following court orders and complying with deadlines. *See Gometz v. U.S.*, 334 Fed. Appx. 889 (holding district court did not abuse its discretion by dismissing Plaintiff's case when he failed to file an amended complaint in the time allowed even where Plaintiff claimed he was disabled). However, if good cause is established, a Court may grant a motion for an extension of time to comply with a court order. *See* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.")   In this case, based on Plaintiff's assertions that his disabilities cause him to need more time to complete tasks, Plaintiff's Motion for Extension of Time will be granted.  Plaintiff will have thirty days from the date of this

Order to cure the deficiency as noted in the Court's April 23, 2015 Order.

## II. Motion for Recusal

Next, Plaintiff requests that I recuse myself from this case because I am "singling" him out and that I "desperately want[] to dismiss [his] case." (ECF No. 6 at 3). Plaintiff also makes allegations that I am discriminating against him because he is "handicapped," "disabled," "of the Jewish pursuasion (sic)," "or of Jewish ethncity (sic)." (*Id.*). He asserts that he is being harassed by an "insensitive, and unlawfully discriminating Magistrate[]" and that he believes I "will [d]ismiss [his] case no matter what [he] do[es]." (*Id.*)

A judge is to recuse himself when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him, or in favor of any adverse party." 28 U.S.C. § 144.  Further, under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

In this case, Plaintiff has failed to file a timely and sufficient affidavit that I have a personal bias or prejudice against him.  His motion includes unsubstantiated and unsupported allegations that I am discriminating against him by requiring him to submit his Complaint on the court-approved form. However, D.C.ColoL.Civ R. 5.1c specifically states that "an unrepresented . . . party shall use the procedures, forms, and instructions posted on the court's website."  It is this Court's normal practice to review a pro se party's pleadings under D.C.Colo.LCivR. 8.1(a) and insure that the appropriate forms were used. Further, failure to cure deficiencies, such as submitting a Complaint

on the current court-approved form, can lead to dismissal. *See Kosterow v. U.S. Marshal's Service*, 345 Fed. Appx. 321, 322-23 (10th Cir. 2009) (dismissal when plaintiff failed to submit complaint on proper form within the time allowed following court's order to cure deficiency); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

In this case, Plaintiff is being treated just as any other *pro se* party who appears in this Court would be treated: he is being required to use the appropriate court-approved forms. *See* D.C. ColoL.Civ. R. 5.1c.  Plaintiff makes no allegations that he cannot access the forms.  Furthermore, his assertions that he used "the proper legal format . . ." but had to "copy the forms provided onto my own paper" because of typographical errors, (ECF No. 6 at 2), is unpersuasive.  The Complaint he filed on April 17, 2015 does not follow the format of the court-approved General Complaint form. (*See* ECF No. 1).  For example, on Page 1 of Plaintiff's Complaint, he lists "Parties" and then "Jurisdiction." (ECF No. 1 at 1).  In contrast, page 1 of the court-approved General Complaint form is the caption page, listing the court, the case number, and the Plaintiff vs. the Defendant.  Furthermore, Plaintiff's "Claims for Relief" in his Complaint (ECF No. 1 at 8-16) are listed *after* his "Request for Relief" (ECF No. 1 at 6), while the court-approved form has the "Request for Relief" as the last page of the Complaint.  Further, in contradiction of local rule, Plaintiff's complaint is not double spaced.

Accordingly, his allegations fail to establish that I have any personal bias or prejudice against him.  Therefore, I will not recuse myself from this case.

For the reasons discussed above, it is

ORDERED that Plaintiff's Motion for Extension of Time and Motion to Recuse (ECF No. 6) is GRANTED in part and DENIED in part. It is

ORDERED that the Motion for Extension of Time to cure the deficiencies in his Complaint, as noted in the Court's April 23, 2015 Order, is GRANTED. Plaintiff has **thirty days from the date of this Order** to cure the deficiencies as designated in the Court's April 23, 2015 Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved form used in filing a General Civil Complaint, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order,** the action will be dismissed without further notice. It is

FURTHER ORDERED that the Motion to Recuse is DENIED.

DATED May 26, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher

United States Magistrate Judge