IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00827-GPG

BYRON R. BRONSTEIN,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

ORDER OF DISMISSAL

---

On June 29, 2015, Plaintiff Byron R. Bronstein filed, *pro se*, an Amended Complaint against the Social Security Administration. (ECF No. 11). The Court has granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 4). According to the Plaintiff, his social security income payments were unlawfully reduced, without a hearing, from $617 per month to $30 per month on December 1, 2008 because he entered a nursing home.

Mr. Bronstein filed an almost identical lawsuit in this Court on July 7, 2009. *See Bronstein v. Social Security Administration*, 09-cv-01598-JLK, ECF No. 3. Judge Kane dismissed the previous lawsuit on October 26, 2009 because Mr. Bronstein had failed to exhaust his administrative remedies. *Id.*, ECF No. 23.

On July 9, 2015, the Court ordered Plaintiff to show cause in writing why his current Amended Complaint and action should not be dismissed for lack of subject matter jurisdiction for failure to exhaust his administrative remedies. (ECF No. 12). After

receiving an extension of time, on August 11, 2015, Plaintiff filed a "Statement Showing Cause Why This Case Should Not Be Dismissed." ("the Response") (ECF No. 15).

The Court must construe the Plaintiff's submitted documents liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant. *See id.*

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Id.*

Federal courts have jurisdiction to review cases arising under Title XVI of the Social Security Act under sections 205(g) and (h) of the Social Security Act, codified at 42 U.S.C. 405 (g) and (h).  Pursuant to 42 U.S.C. § 405(g), an individual may only obtain judicial review regarding a determination of the individual's Social Security benefits "after any final decision of the Commissioner of Social Security." Further, 42 U.S.C. § 405(h) specifically provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this

2

subchapter," except as provided in 42 U.S.C. § 405(g).

Therefore, Congress has explicitly provided that in claims arising under the Social Security Act, judicial review is permitted only in accordance with section 405(g), which requires a "final decision of the Commissioner of the Social Security made after a hearing." The term "final decision" is undefined in the Act and, therefore, "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). The regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 CFR § 416.1400(a). If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding. 20 CFR §§ 416.1405, 416.1421, 416.1455, 416.1481.

"Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) (superceded by statute on other grounds). The exhaustion doctrine is "grounded in Congress' delegation of authority to coordinate branches of Government," and "recognizes that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *Id.* Additionally, the exhaustion requirement reflects the "common sense notion" that "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Id.*

In his Complaint, Mr. Bronstein alleges he sent two (2) letters to the local Social

Security Administration office requesting a hearing but received no response. (ECF No. 11 at 15-16), *Bronstein v. Social Security Administration*, 09-cv-01598-JLK, ECF No. 13. However, the letters sent by Mr. Bronstein did not comply with the administrative procedures to request reconsideration.

The Notice of Planned Action, which was the Social Security Administration's initial determination, was dated December 9, 2008, and specifically outlines how a beneficiary can ask for reconsideration, stating "you must fill out a form called a 'Request for Reconsideration.' The form number is SSA-561.  To get this form, contact one of our offices.  We can help you fill out the form." *Bronstein*, 09-cv-01598-JLK, ECF No. 21-1 at 8.

In his Response to the Order to Show Cause, Mr. Bronstein alleges that the first time he ever received the "Notice of Planned Action," and the directions for requesting a reconsideration was when he received this Court's July 9, 2015 Order to Show Cause. (ECF No. 15 at 2).  However, he provides no explanation for why he did not receive the Notice and directions during his previous case, when they were submitted as an exhibit to the court and the parties on October 7, 2009. *Bronstein*, 09-cv-01598-JLK, ECF No. 21-1 at 6-8; *see also id.*, ECF 20 at 3 (certificate of service noting the exhibits were mailed to Mr. Bronstein).  Therefore, even if Mr. Bronstein did not initially receive the copy of the "Notice of Planned Action," which was dated December 9, 2008, he did receive the notice and directions for how to properly submit a request for reconsideration in October 2009 as part of his previous case.

However, he has still failed to properly submit a request for reconsideration.  In his Response, he admits that he made a "trip to the main Social Security Administration

4

Field Office on Champa Street on August 4, 2015" and picked up the "Request for Reconsideration Form." (ECF No. 15 at 3). He then requests that the Court assist him "as soon as" he files the "Request for Reconsideration." (*Id.* at 6). Accordingly, by his own admission, as of the date of filing his Response, he has still not filed a proper request for reconsideration. As such, he has still not even attempted to start the process to obtain a judicially reviewable final decision.

Without such a final decision and with no valid reason to excuse his failure to exhaust administrative remedies, this court lacks subject matter jurisdiction. *See e.g., Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984) (dismissal appropriate because of failure to exhaust); *Sipp v. Astrue*, 641 F.3d 975, 979-81 (8th Cir. 2011) (district court lacked jurisdiction because plaintiff failed to exhaust administrative remedies).

Therefore, the Complaint and action will be dismissed for lack of subject matter jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

**ORDERED** that the Complaint and action are DISMISSED without prejudice for lack of subject matter jurisdiction. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is DENIED.

DATED at Denver, Colorado, this  26th  day of   August  , 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court